86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Robert SCHRAMM, Defendant-Appellant.
 No. 94-10292.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Schramm appeals his jury conviction for three counts of willfully failing to file individual income tax returns in violation of 26 U.S.C. § 7203. We have jurisdiction under 28 U.S.C. § 1291 and review the denial of a motion for new trial for abuse of discretion. United States v. George, 56 F.3d 1078, 1083 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995). We affirm.
 
 
 3
 Schramm contends that the district court erred by failing to grant a new trial because several jurors consulted a dictionary during deliberations and the government failed to carry its burden of proving that such extrinsic evidence was harmless beyond a reasonable doubt. This contention is without merit.
 
 
 4
 "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is 'a reasonable possibility that the extrinsic material could have affected the verdict.' " United States v. Hernandez-Escarsega, 886 F.2d 1560, 1579 (9th Cir.1989) (quoting Marino v. Vasquez, 812 F.2d 499, 504 (9th Cir.1987)), cert. denied, 497 U.S. 1003 (1990). The government has the burden of proving that the exposure to the evidence was harmless beyond a reasonable doubt. United States v. Littlefield, 752 F.2d 1429, 1431 (9th Cir.1985). Reversible error is established where there is a direct and rational connection between the extrinsic evidence and a prejudicial jury determination, and where the material considered by the jury relates to a material aspect of the case. United States v. Brodie, 858 F.2d 492, 495 (9th Cir.1988).
 
 
 5
 Here, it is undisputed that several jurors consulted a dictionary for a definition of the word "shall" the night before the jury found Sims guilty of three counts of willfully failing to file income tax returns. However, the government met its burden of showing beyond a reasonable doubt that such extrinsic evidence was harmless.
 
 
 6
 The word "shall" was not a material aspect of the case because the word "shall" was neither an element of 26 U.S.C. § 7203 nor relevant to Sims' good faith defense. See United States v. Bagnariol, 665 F.2d 877, 888 (9th Cir.1981) (per curiam), cert. denied, 456 U.S. 962 (1982). Moreover, the district court ensured that the extrinsic evidence did not influence the verdict by instructing the jury that its verdict "must be based solely on the evidence and on the law as I have given it to you in these instructions" and by polling the jury to ensure that each juror would abide by the court's instructions on the law. See Hernandez-Escarsega, 886 F.2d at 1580. Based on this record, the government demonstrated that there was no direct and rational connection between the extrinsic evidence and the jury's verdict. See Bagnariol, 665 F.2d at 885. Under these circumstances, the government met its burden of proving that the exposure to the extrinsic evidence was harmless beyond a reasonable doubt. See Littlefield, 752 F.2d at 1431.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Schramm's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3